CINCINNATI RY. SUPPLY CO. v. AMERICAN HOIST & DERRICK CO. et al.

(Circuit Court of Appeals, Sixth Circuit. February 20, 1906.)

No. 1,466.

1. PATENTS—CONSTRUCTION OF CLAIMS.

The law requires a patentee to define in his claim precisely what his invention is, and, when that has been done in plain terms, a court has no power to disregard such terms and either change or enlarge the claim by reference to the specification.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 141.]

2. SAME—INFRINGEMENT—WIRE ROPE CLAMP.

The Crosby patent, No. 388,840, for a wire rope clamp, in view of the prior art, is limited to a clamp with a groove and longitudinally extending wings forming a lateral support to retain the ropes in place, and is not infringed by a clamp not having such wings.

Appeal from the Circuit Court of the United States for the Southern District of Ohio.

Chas. M. Peck, for appellant.

George P. Barton, De Witt C. Tanner, and George E. Folk, for appellees.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This was a bill for the infringement of letters patent No. 388,840, dated September 4, 1888, issued to Oliver Crosby for a wire rope clamp. The court below found the patent valid, that it was infringed, and ordered an account of profits and damages. From this an appeal has been taken.

The Crosby clamp, as stated in the specification, was "especially intended to be used for the purpose of uniting or splicing two or more ropes." The following is a drawing of the device and its description taken from the specification: The drawing represents an elevation showing the ropes clamped in position.

### The Crosby Clamp.

"A is a casting having a longitudinally extending groove formed therein, the said groove being U-shaped in cross-section of a width equal to the diameter of the rope to be clamped, and of a depth to admit two or more ropes therein, one above the other. The bottom of the groove is corrugated to fit the corrugations of the rope, R, in order to give the same a firm hold upon the clamp. Upon each side of the body of the casting, A, are lateral bolt lugs, AA, and the body of the casting in which the groove is formed extends for some distance upon each side and in each direction along the rope, forming the wings, BB. The ropes are placed in the groove one above the other, as shown in Fig. 1, the wings, BB, forming a lateral support to retain them in place, and they are then clamped by means of the U-shaped bolt, C, crossing the mouth of the groove and passing through the lugs, AA, and furnished at the ends with screw threads and nuts, HH."

Long before this patent was issued the John A. Roebling Sons' Company, then the largest manufacturer of steel wire rope and builder of suspension bridges in this country, was making, using, and selling a wire rope clamp, known as the "Roebling clamp." This clamp had a perforated bed plate, a U bolt whose threaded ends extended through the perforations of the plate, with nuts for clamping and compressing the ends of wire ropes which passed through the U bolt and were held by the bed plate substantially in the manner and for the very

purpose shown in the Crosby patent. Drawings of the Roebling clamp were printed in "Knight's American Mechanical Dictionary," edition of 1876, and in Roebling's catalogue for 1877. The following is a drawing of the Roebling clamp showing the ropes held in position by the U bolt and the bed plate:

Roebling Clamp

On April 16, 1872, letters patent No. 125,789 were issued to Thomas J. and George M. Clark for an improvement in rope clamps. This clamp was in two sections, each with two corrugated grooves, and having bolts to clamp the sections together, compressing and firmly holding the ropes. The grooves to receive and hold the ropes were "semitubular," or "semicircular," in shape, and were provided with corrugations so as "to form, as it were, teeth or projections to grasp the rope." The patent is important in this case only because the claim covers corrugations in grooves designed to clamp and hold fast ropes. The Crosby patent refers to this Clark patent and disavows any intention to claim anything shown therein.

Bearing in mind that the Roebling clamp contains all the features of the Crosby clamp, except the corrugated grooves (with wings) "of a depth to receive two or more ropes, one above the other," and that the Clark patent covers the corrugations in the groove, or a semicircular corrugated groove of a depth sufficient to receive one half of a rope, we are prepared to take up the claim of the Crosby patent, which reads as follows:

"I claim as my invention: In a wire rope fastening, a casting having a groove therein of a depth to receive two or more ropes, one above the other, longitudinally extending wings forming the sides of the groove, bolt lugs outside of said wings, and a U bolt passing over and across said groove and through said lugs and furnished with screw threads and nuts at the ends, substantially as and for the purpose herein specified."

Now, as we have pointed out, the only new thing in this clamp is the groove having longitudinally extending wings forming its sides, the groove with such wings being of a depth to receive two or more ropes, one above the other. Everything else is old, the bed plate, described as "a casting having a groove," etc., the lugs to receive the U bolt, which are nothing more than the perforations in the old bed plate, and the U bolt itself furnished with screw threads and nuts at the ends.

The law requires the patentee to define in his claim precisely what his invention is. This Crosby has done, and the court has no power to disregard the plain terms of the claim and either change or enlarge it by a reference to the specification. Merrill v. Yeomans, 94 U. S. 568, 573, 24 L. Ed. 235; Keystone Bridge Co. v. Phœnix Iron Co., 95 U. S. 274, 278, 24 L. Ed. 344; White v. Dunbar, 119 U. S. 47, 51, 7 Sup. Ct. 72, 30 L. Ed. 303; McCarty v. Lehigh Valley R. R. Co., 160 U. S. 110, 116, 16 Sup. Ct. 240, 40 L. Ed. 358; Penfield v. Potts, 126 Fed. 475, 61 C. C. A. 371, 379.

Crosby's invention being restricted, as indicated, to the groove with wings having a depth to receive two or more ropes, one above the other, the defendant's device does not infringe. It has a U-shaped bolt with a bed plate, but so had the Roebling clamp. The bed plate contains a corrugated groove, but so did the Clark device. But the defendant's groove is one deep enough to receive only one-half of the lower rope. It is semicircular in form, like the Clark groove. In the Crosby clamp, the wings, by extending the groove, form "a lateral support to retain the ropes in place"; that is, both ropes. They are then clamped by means of a U-shaped bolt. Now, the defendant's device has no wings furnishing a lateral support which will retain the ropes in place. The ropes are held in place, not by the bed plate with its deep groove, but by the U bolt and its sides. The function of the U bolt in the defendant's device is precisely that in the Roebling clamp. Crosby could not have obtained a patent for his device with a corrugated groove merely. It was necessary to add the wings and make the groove of a depth sufficient to admit two or more ropes. This feature is not used in the defendant's device.

Being satisfied that no infringement has been shown, the judgment of the lower court is reversed, and the case remanded, with directions to dismiss the bill.